# UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| ISLAND VIEW CROSSING II, L.P., | Case No. 17-14454 (ELF) |
| *Debtor.* | |
| ISLAND VIEW PROPERTIES, INC., *et al.* | REMOVED PROCEEDINGS |
| *Plaintiffs / Counterclaim Defendants,* | Court of Common Pleas, Philadelphia County, Pennsylvania |
| vs. | CCP Case No.: MARCH TERM, 2016 |
| PRUDENTIAL SAVINGS BANK, | NO. 03161 |
| *Defendant / Counterclaim Plaintiff.* | Adversary Number: |

## NOTICE OF REMOVAL

Prudential Savings Bank ("Prudential") by and through undersigned counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby files this Notice of Removal (the "Notice"), pursuant to 28 U.S.C. § 1452, removing the above-captioned proceeding, and all claims therein, in its entirety, from the Court of Common Pleas, Philadelphia County, Pennsylvania, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, with a request that same be transferred, pursuant to the "automatic reference" and Standing Orders of the United States District Court for the Eastern District of Pennsylvania dated July 25, 1984, November 8, 1990, and June 29, 1992 ("Standing Order of Reference") to the United States Bankruptcy Court for the Eastern District of Pennsylvania, where the bankruptcy proceedings of the Debtors are now pending as above-captioned.

5169341

1. On June 30, 2017, the above-captioned Debtor, Island View Crossing II, L.P. ("Island View"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") along with affiliated companies, Calnshire Estates, LLC (Case No. 17-14457) ("Calnshire"), and Steeple Run, L.P. (Case No. 17-14458) ("Steeple").

2. On June 21, 2017, an additional affiliated entity, One State Street Associates, LP (Case No. 17-14291) ("State Street" or collectively with Island View, Calnshire and Steeple, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively the "Bankruptcies").

3. The Debtors' Bankruptcies have not been jointly administered, nor have they been substantively consolidated.

4. The Bankruptcies are currently open and pending before United States Bankruptcy Judge Eric Frank, Chief United States Bankruptcy Judge in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Philadelphia Vicinage (the "Bankruptcy Court").

5. The Debtors remain in possession and control of their assets and no Official Committee of Unsecured Creditors has been appointed in the Debtors' cases.

6. Prior to the filing of the Bankruptcies, on or about March 31, 2016, Island View, its Limited Partner, Island View Properties, Inc., and its principal, Renato J. Gualtieri ("Gualtieri"), commenced a civil action in the Court of Common Pleas of Philadelphia County against Prudential captioned: <u>Island View Crossing II, L.P., *et al*. vs. Prudential Savings Bank</u>, Case No.: March Term 2016, No. 03161 (the "Island View Action"), which is currently pending before the Honorable Ramy I. Djerassi.

7. On or about March 2, 2016, another of Island View's lenders, Lava Funding, LLC, commenced a civil action in the Court of Common Pleas of Philadelphia County against Island View, Prudential, Gualtieri and Gualtieri's father captioned <u>Lava Funding, LLC vs. Prudential Savings Bank</u>, Case No.: March Term 2016, No. 03161 (the "Lava Action") and was presided over by the Honorable Gary Glazer. In Island View's answer to Lava's complaint, it raised cross-claims against Prudential, and in Prudential's answer to Lava's complaint, it raised cross-claims against Island View (the "Prudential Cross-Claim"). The Lava Action was ultimately resolved as to Lava and on June 2, 2016, Lava filed a Praecipe to Discontinue and End the Lava Action without prejudice. On April 4, 2017 Judge Djerassi transferred the Lava Action from Judge Glazer to his Court and reopened only the Prudential Cross-Claim and thereafter, by Order dated June 12, 2017, consolidated the Prudential Cross-Claim with the Island View Action (hereinafter, the consolidated Island View Action and the Prudential Cross Claim are referred to as the "Action").

8. Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)"), Prudential is requesting the removal of the entire Action from the Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.

9. Pursuant to Bankruptcy Rule 9027, the request for removal is made to the District Court where the civil action is pending. <u>See</u> Fed.R.Bankr.P. 9027(a)(1).

10. However, the proper place for the filing of the Notice is the Bankruptcy Court for the Eastern District of Pennsylvania. <u>See</u> <u>In re Funquest Vacations, Inc.</u>, 1998 Bankr. LEXIS 286 *6-7 (Bankr. E.D.Pa. Feb 5, 1998) <u>quoting</u> <u>Stamm v. Rafco Foam Inc. v. Northern Insulation Service (In re Stamm)</u>, 21 B.R. 715, 724 (Bankr. W.D. Pa. 1982) ("The local bankruptcy court is

the most convenient court to receive removal petitions and acts as the first court to review them") citing Colarusso v. Burger King Corp., 35 B.R. 365, 367 (Bankr. E.D. Pa. 1984).

11. This Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. § 1334(b) because the Action arises in and is related to the Bankruptcies.

12. The Action is removable to this Court under 28 U.S.C. § 1452(a) because this Court has jurisdiction over the Action under 28 U.S.C. § 1334(b).

13. The Action is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (B) and (O), as it arises in and relates directly to the liquidation of contingent, disputed and unliquidated claims, and is a matter which relates to property of the Debtors' estates under Section 541 of the Bankruptcy Code, and effects the administration of the estate.

14. Prudential consents to the entry of final orders or judgment by the Bankruptcy Court.

15. This Notice is timely made pursuant to Bankruptcy Rule 9027(a)(2) in that it is being filed well in advance of the deadline of ninety (90) days from the Orders for Relief in the Bankruptcies.

16. No previous Notice for the relief sought herein has been made to this or any other court.

17. Pursuant to Bankruptcy Rule 9027(a)(1), a copy of all process and pleadings in the Action are attached hereto as Exhibits 1 through 35 (an index of pleadings is included for the convenience of the Court and parties).

18. Pursuant to Bankruptcy Rule 9027(b) and (c), a copy of the Notice of Removal will be promptly served on all parties to the removed Action.

19.     Pursuant to Bankruptcy Rule 9027(c), a copy of the Notice of Removal will be promptly filed with the Court of Common Pleas, Philadelphia County on the Docket in connection with the Action.

WHEREFORE, the Defendant, Prudential Savings Bank, respectfully requests that this Court enter an Order removing the Action from the Court of Common Pleas, Philadelphia County, to the Eastern District of Pennsylvania, pursuant to the Standing Order of Reference and granting such other and further relief as is necessary and just.

Respectfully Submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Dated: 7/18/2017          By:       /s/ Edmond M. George
                                    Edmond M. George, Esquire (45969)
                                    Michael D. Vagnoni, Esquire (78374)
                                    Centre Square West, Suite 3400
                                    1500 Market Street
                                    Philadelphia, PA 19102
                                    Telephone: (215) 665-3140
                                    E-mail: edmond.george@obermayer.com

5169341                              5