# EXHIBIT "20"

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
02 MAR 2016 04:01 pm
J. OSTROWSKI

Lava Funding, LLC

v.

Prudential Savings Bank

   and
Francesco Gualtiero
   and
Renato Gualtieri
   and
Island View Crossing II, LP

CASE NO.: 160102716


## NOTICE TO DEFEND


| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

JOSEPH P. KERRIGAN, ESQUIRE
461 N. 3rd Street; Suite 2B
Philadelphia, PA 19123
I.D. No.: 69754
(215) 302-3737

Attorney for Plaintiff

_____

|  |  |  |
|---|---|---|
| Lava Funding, LLC | : | COURT OF COMMON PLEAS |
| 1205 Delsea Drive | : | PHILADELPHIA COUNTY |
| Deptford, NJ 08093 | : | |
| Plaintiff | : | |
| v. | : | |
| | : | NO.: 160102716 |
| Prudential Savings Bank | : | |
| 1834 W. Oregon Avenue | : | |
| Philadelphia, PA 19145 | : | |
| and | : | |
| Francesco Gualtieri | : | |
| 1587 Edge Hill Road | : | |
| Abington, PA 19001 | : | |
| and | : | |
| Renato Gualtieri | : | |
| 1628 Carlene Court | : | |
| Langhorne, PA 19047 | : | |
| and | : | |
| Island View Crossing II, LP | : | |
| 1628 Carlene Court | : | |
| Langhorne, Pa 19047 | : | |
| Defendants | : | |

## COMPLAINT

Plaintiff Lava Funding, LLC, by and through its attorney JOSEPH P.
KERRIGAN, ESQUIRE respectfully brings the within Complaint and avers as follows:

## PARTIES

1.     Plaintiff, Lava Funding, LLC ("Lava") is a Limited Liability Company,
duly authorized to conduct business in the Commonwealth of Pennsylvania. Its principal
place of business is located at 1205 Delsea Drive, Deptford, NJ 08093.

2.     Defendant Prudential Savings Bank ("Prudential") is a Pennsylvania
chartered savings bank with a principal place of business located at 1834 W. Oregon
Ave., Philadelphia, PA 19145.

Case ID: 160102716

3.     Defendant Francesco Gualtieri is an adult individual residing at 1587 Edge Hill Road, Abington, Pa. 19001.

4.     Defendant Renato Gualtieri is an adult individual residing at 1628 Carlene Court, Langhorne, Pa 19047.

5.     Defendant Island View Crossing II, LP ("Island View") is a Pennsylvania Limited Partnership with an address of 1628 Carlene Court, Langhorne, Pa 19047.

## VENUE

6.     Venue is proper in Philadelphia County under Pa. R.C.P. 1006(a) in that Philadelphia is the county where the cause of action arose.

## FACTS

7.     In or around November 2014, Defendant Francesco Gualtieri and Island View sought a construction loan from Lava.

8.     On November 25, 2014, Lava extended a term sheet to Francesco Gualtieri for a loan in the amount of $625,00.00. (Copy of Term Sheet attached as "Exhibit A").

9.     The terms called for, inter alia, personal guarantees on the loan from both Francesco Gualtieri and Renato Gualtieri.

10.     Lava also required a "guaranteed take out of the loan from Prudential Savings Bank, in form satisfactory to lenders attorney". (See Exhibit "A").

11.     On November 20, 2014, co-defendant Prudential Savings Bank's Senior Vice President Salvatore Fratanduono sent a letter to Lava regarding the prospective loan to Island View and Francesco Gualtieri. (Attached hereto as Exhibit "B").

12.     In the letter Prudential represented to Lava "as a material inducement" to them for providing the loan to Island View agreed "no later than fifteen (15) days prior to loan maturity" to either:

> **1. refinance and pay to Lava the unpaid Loan balance along with current interest and past due interest, fees or costs past due to Lava or 2. purchase from Lava the Loan documents for the amount due under the terms of the Loan and pay Lava all expenses incurred by Lava in transferring title to the Loan documents. (emphasis added).**

13.     Prudential stated that their "obligations hereunder are unconditional, irrespective of the status of the Loan…" and acknowledged that "Lava would not make

Case ID: 160102716

this loan to the Borrowers but for the promises and representations of PSB as set forth in this letter."

14.    On December 1, 2014, the loan was funded and loan documents executed at Prudential's main office with officers of Prudential and Lava present at the loan's closing.

15.    At that time an place, Island View and Francesco Gualtieri executed a commercial note in the amount of $625,000.00. The note's terms provided interest only commencing on January 1, 2015 and continuing thereafter for twelve (12) consecutive months or until December 1, 2015 when all outstanding amounts became due and payable to Lava including any past due interest, late fees, cost and attorney's fees. (Attached as "Exhibit C").

15.    Also on December 1, 2014, Renato J. Gualtieri personally guaranteed all monies due or to become due to Lava on behalf of Island View and Francesco Gualtieri, a copy of said Guarantee Agreement is attached hereto as Exhibit "D".

16.    Defendants Island View and Francesco Gualtieri are in default of their obligations to Lava Funding, LLC for failure to pay pursuant to the terms of the loan documents.

17.    Defendant Renato Gualtieri is in default of his obligations to guarantee payment of the loan to Lava Funding, LLC.

18.    Defendant Prudential Savings Bank is in default of its obligations to Lava Funding, LLC for its refusal to act in accordance with its unconditional financial obligation as represented in their November 20, 2014 letter to Lava (See "Exhibit "B").

### COUNT I - (Lava v. Island View)

19.    Plaintiff incorporates paragraphs 1-18 of the Complaint as though fully set forth herein.

20.    Island View is in default under the terms of the Note (Exhibit "A") it executed by virtue of its failure to timely pay Plaintiff all amounts due and owing.

21.    Island View is in breach of its contractual obligations to Lava.

WHEREFORE, Plaintiff, Lava Funding LLC, prays this Honorable Court grant judgment in its favor and against Defendant Island View Crossing II L.P. for damages,

Case ID: 160102716

late fees, attorney's fees, interest, and costs of suit in addition to any other relief that the Court deems appropriate.

### COUNT II  - (Lava v. Francesco Gualtieri)

22.    Plaintiff incorporates paragraphs 1-21 of the Complaint as though fully set forth herein.

23.    Francesco Gualtieri is in default under the terms of the Note (Exhibit "A") he executed by virtue of his failure to timely pay Plaintiff all amounts due and owing.

24.    Francesco Gualtieri is in breach of his contractual obligations to Lava.

WHEREFORE, Plaintiff, Lava Funding LLC, prays this Honorable Court grant judgment in its favor and against Defendant Francesco Gualtieri for damages, late fees, attorney's fees, interest, and costs of suit in addition to any other relief that the Court deems appropriate.

### COUNT III  - (Lava v. Renalto J. Gualtieri)

25.    Plaintiff incorporates paragraphs 1-24 of the Complaint as though fully set forth herein.

26.    Renalto J. Gualtieri is in default under the terms of the Guaranty Agreement (Exhibit "D") he executed by virtue of his failure to timely pay Plaintiff all amounts due and owing.

27.    The Guaranty Agreement (Exhibit "D") provides that Renalto J. Gualtieri guarantees the prompt payment and performance of all loans, advances, debts, liabilities, obligations, covenants and duties owing by borrowers, Francesco Gualtieri and Island View Crossing II, L.P. to Lava.

28.    Renalto J. Gualtieri is in breach of his contractual obligations to Lava.

WHEREFORE, Plaintiff, Lava Funding LLC, prays this Honorable Court grant judgment in its favor and against Defendant Renalto J. Gualtieri for damages, late fees, attorney's fees, interest, and costs of suit in addition to any other relief that the Court deems appropriate.

### COUNT IV  - (Lava v. Prudential Savings Bank)

29.    Plaintiff incorporates paragraphs 1-28 of the Complaint as though fully set forth herein.

30.    In accordance with the Term Sheet presented by Lava to Francesco Gualtieri and Island View Crossing II, L.P. Prudential Savings Bank was to provide assurance that no later than fifteen (15) before the loan's maturity Prudential would either refinance and pay to Lava the unpaid loan balance with current interest and past due interest, fees or cost due to Lava or alternatively purchase the loan from Lava.

31.    Prior to the loan's maturity date of December 31, 2015, Lava notified Prudential that it expected either to be paid-off by refinancing of the loan or Prudential's purchase of the loan.

32.    Prudential acknowledged Lava's demand but, to date has been unwilling or unable to abide by the terms of its agreement with Lava dated November 20, 2014 (Exhibit "B").

33.    Prudential is in default under its agreement with Lava by virtue of its failure to timely pay Plaintiff all amounts due and owing.

23.    Prudential is in breach of his contractual obligations to Lava.

WHEREFORE, Plaintiff, Lava Funding LLC, prays this Honorable Court grant judgment in its favor and against Prudential Savings Bank for damages, late fees, attorney's fees, interest, and costs of suit in addition to any other relief that the Court deems appropriate.

Dated: 3/2/16

Joseph P. Kerrigan, Esquire
Attorney for Plaintiff

Case ID: 160102716

## CERTIFICATION OF COUNSEL

I, Joseph P. Kerrigan, Esquire, hereby certify that I will serve in accordance with Pennsylvania Rules of Procedure 440 all parties not served electronically. The Court in accordance with Pennsylvania Rules of Procedure 205.4(g) will electronically serve all other parties.

Dated: 3/2/16

JOSEPH P. KERRIGAN, ESQUIRE
Attorney for Plaintiff
461 N. 3rd Street, Suite 2B
Philadelphia, PA 19123
Attorney I.D. No. 69754
Office: (215) 302-3737

## VERIFICATION

I, John Barrasso, verify that I am duly authorized to make this verification on behalf of plaintiff, and that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

These statements are made subject to the penalties of 18 Pa. C.S.A.§ 4904 relating to unsworn falsification to authorities.

LAVA FUNDING  LLC

John Barrasso

Dated:

3-2-16



*Filed and Attested by the*
*Office of Judicial Records*
*02 MAR 2016 04:01 pm*
*J. OSTROWSKI*

EXHIBIT A

Case ID: 160102716



# Lava Funding

To: Francesco Gualtieri, Island View Crossing II, LP

From:  John Barrasso

Date: 11-25-14

Re: 1587 Edge Hill Road Abington PA and 625 Fern Road Glenside PA

   We are pleased to present this Term Sheet in regard to the refinance of the above referenced investment properties, subject to the terms set forth below.  The terms are as follows:

- Loan amount $625,000

- 13% interest only, 5pts Origination, 12 month term

The requirements are as follows:

- First position title insured mortgage lien both subject properties

- Second position uninsured mortgage lien 1628 Carlene Court Langhorne PA

- Personal Guarantees of Francesco and Renato Gualtieri

- Guarantee of Island View Crossing II, LP

- Satisfactory appraisals for both first position properties

- Hazard insurance for both first position properties naming Lava Funding as first mortgagee and loss payee

PO Box 770
Turnersville NJ 08012
609-820-9587
Fax 888-723-3105
JohnB@LavaFunding.com

EXHIBIT B

Case ID: 160102716



# Prudential Savings Bank

1834 West Oregon Avenue, Philadelphia, PA 19145-4725    215-755-1500

November 20, 2014

Lava Funding, LLC
1205 Delsea Drive
Deptford, New Jersey 08093
Attention: John Barrasso, President

      Re: Francesco Gualtieri, Island View Crossing II, LLC

Dear Mr. Barrasso,

Prudential Savings Bank (PSB), as a material inducement to Lava Funding, LLC (Lava) extending a 12 month term, $625,000.00 loan (the "Loan") to Francesco Gualtieri and/or Island View Crossing II, LP, does hereby agree no later than fifteen (15) days prior to Loan maturity to either:

1. refinance and pay to Lava the unpaid Loan balance along with current interest and past due interest, fees or cost due to Lava or
2. purchase from Lava the Loan documents for the amount then due under the terms of the Loan and pay to Lava all expenses incurred by Lava in transferring title to the Loan documents.

PBS also agrees, regardless of loan or mortgage priority, to pay to Lava the first $25,000 out of the proceeds from the sale of each of the first fifteen sales at the Island View Crossing or Island View Crossing II project(s), which sums shall be applied by Lava as a reduction to the amounts due on the Loan.

PSB acknowledges that its obligations hereunder are unconditional, irrespective of the status of the Loan, the Borrowers, any debts that may be due PBS from the Borrowers, their affiliated entities or the Project. PSB acknowledges that Lava would not make this loan to the Borrowers but for the promises and representations of PSB set forth in this letter.

If you have any questions, please feel free to contact me at 215-755-1500.

Salvatore Fratanduono

Senior-Vice President, CEO

OTHER PRUDENTIAL OFFICES (215) 755-1500

Member FDIC    2101 SOUTH 19TH STREET, PHILADELPHIA, PA 19145-5700                    1772 SOUTH BROAD STREET, PHILADELPHIA, PA 19145-2315
112 SOUTH 19TH STREET, PHILADELPHIA, PA 19103-4629                     28 NORTH 3RD STREET, PHILADELPHIA, PA 19106-2113
238 A MOORE STREET, PHILADELPHIA, PA 19148-1625                601 MORGAN AVENUE, DREXEL HILL, PA 19026-3166  610-259-8100
www.prudentialsavingsbank.com                                               Bank by Phone/Rate Line 215-755-1505



EQUAL HOUSING
LENDER

<span style="color:red">Case ID: 160102716</span>

EXHIBIT C

Case ID: 160102716



# Lava
# Funding, LLC

**Commercial Mortgage Note**

**$625,000.00**
**Interest Rate 13.0%**

**December 1, 2014**

## TERMS OF THE LOAN

**FOR VALUE RECEIVED** the undersigned, **ISLAND VIEW CROSSING II, LP,** a Pennsylvania limited partnership, having an address of 1628 Carlene Court, Langhorne, Pennsylvania and **FRANCESCO GUALTIERI,** having an address of 1587 Edge Hill Road, Abington, Pennsylvania (hereafter jointly referred to as "Borrower"), promise to pay to the order of **Lava Funding, LLC** (hereinafter called "Lender"), the principal sum of **SIX HUNDRED TWENTY-FIVE THOUSAND ($625,000.00) DOLLARS** (the "Loan") together with interest at the rate of thirteen percent (13.0%) per annum. The Loan is for commercial purposes and Borrower hereby represents that property being acquired is not to be used as marital residences.

Borrower shall repay the Loan in consecutive monthly interest only payments in the sum of SIX THOUSAND SEVEN HUNDRED SEVENTY DOLLARS AND EIGHTY-FOUR CENTS ($6,770.84) each, beginning on January 1, 2015 and continuing monthly thereafter on the first day of the month, until December 1, 2015, when a final payment of principal and interest, together with any other charges that may be due on the Loan as set forth herein or the other loan documents, shall be due and payable in full.

Interest is calculated based upon a 365/360 day year. The Lender shall charge a $50.00 fee for any returned checks, together with any other charges that may be due on the Loan, becomes due and payable in full.

## LATE CHARGE

In the event the Lender has not received any payment within ten (10) calendar days of its due date, Borrower will pay Lender a late charge equal to the greater of (i) ten percent (10.0%) of Borrower's overdue payment or (ii) $125.00.

## SECURITY INTEREST

As security for the prompt payment as and when due of all amounts due under this Note, including any renewals, extensions and/or modifications thereof, together with all other existing and future liabilities and obligations of the Borrower and any endorsers, sureties or guarantors (hereinafter "Obligor[s]"), to Lender, whether absolute or contingent, of any nature whatsoever and out of whatever transactions arising (hereinafter collectively referred to as the "Obligations"), in addition to any other security agreement or document granting Lender any rights in any of Obligor's property for the purpose of securing the Obligations, Obligor hereby grants to Lender a lien and security interest in and to all property of Obligor, or any of them, which at any time Lender shall have in its possession.

Case ID: 160102716

Borrower acknowledges that the Loan would not be made by Lender but for the guaranty that Prudential Savings Bank would make Lender whole at or before the Loan maturity date, regardless of the status of the Loan or the Borrower (or any one of them).

## PREPAYMENTS

The Loan may be prepaid without penalty, in whole or in part, upon thirty (30) days' written notice to the Lender.

## EVENTS OF DEFAULT

Each of the following shall be an Event of Default hereunder entitling the Lender to accelerate the maturity of this Note and demand immediate payment of all outstanding principal, accrued interest and any other charges or costs allowed hereunder or under any other Loan Document: (a) the nonpayment when due of any amount payable under this Note or under any obligation or indebtedness to Lender of Borrower, any Obligor or any person liable, either absolutely or contingently, for payment of any indebtedness which such nonpayment continues for ten (10) days after written notice thereof is provided by Lender to Borrower; (b) if Borrower or any Obligor has failed to observe or perform any other existing or future agreement with Lender of any nature whatsoever which failure continues for ten (10) days after written notice thereof is provided by Lender to Borrower; (c) if any representation, warranty, certificate, financial statement or other information made or given by Borrower or any Obligor to Lender is materially incorrect or misleading; (d) if Borrower or any Obligor shall become insolvent or make an assignment for the benefit of creditors or if any petition shall be filed by or against Borrower or any Obligor under any Bankruptcy or Insolvency law; (e) the entry of any judgment against Borrower or any Obligor which remains unsatisfied for fifteen (15) days, or the issuance of any attachment, tax lien, levy or garnishment against any property of the Borrower or any Obligor; (f) the dissolution, merger, consolidation or change in control of any Borrower which is a corporation, limited liability company, or partnership, or the sale or transfer of any substantial portion of any of Borrower's assets, or if any agreement for such dissolution, merger, or consolidation, change in control, sale or transfer is entered into by Borrower, without the written consent of Lender; (g) the death, incarceration or adjudication of legal incompetence of any Borrower or Obligor who is a natural person; (h) if Borrower shall fail to remit promptly when due to the appropriate government agency or authorized depository, any amount collected or withheld from any employee of Borrower for payroll taxes, Social Security payments or similar payroll deductions; (i) if any Obligor shall attempt to terminate or disclaim such Obligor's liability for the indebtedness evidenced by this Note; (j) if Borrower shall fail to pay when due any material indebtedness to third parties for borrowed money; (k) the failure of any Obligor to furnish such financial and other information as the Lender may request; or (l) the sale, conveyance, abandonment, encumbering or other disposition of all or a portion of any collateral pledged to the Lender as security for the Loan, except as permitted by the Lender in writing. Any notice called for herein may be by email.

## REMEDIES

Upon the occurrence of and during a continuance of any Event of Default, Lender may, in addition to any rights or remedies available to the Lender at law, in equity or under any other Loan Document, do all or any of the following: (a) accelerate the maturity of this Note, and any of the other Obligations, and demand immediate payment of all outstanding principal, accrued interest, costs and expenses; (b) begin accruing and collect interest at the rate of twenty percent (20%) per annum (the "Default Rate") on the unpaid Principal balance, provided, however, that no interest shall accrue hereunder in excess of the maximum amount of interest then allowed by law. The Default Rate shall apply from the date default first occurred and shall be charged until all amounts due hereunder are paid or collected in full, even though same may occur after legal judgment is entered. Borrower agrees to pay such interest upon demand; (c) setoff the amount owing hereon against any deposit account maintained in the Lender by any Obligor, and such right of setoff shall be deemed to have been exercised immediately upon the stated or accelerated maturity hereof even though such setoff is not noted on the

Case ID: 160102716

Lender's records until a later time; (d) sell all or part of any collateral pledged to the Lender as security for the Loan at public or private sale, with such notice, if any as may be required by law, all such notice being hereby waived to the extent permitted by law; and (e) hold as security for the payment hereof any other property heretofore or hereafter delivered into the custody, control or possession of the Lender for any reason or purpose whatsoever, by any Obligor. The net proceeds of any collateral held by Lender as security for any of the Obligations shall be applied first to the reasonable expenses of Lender in preparing the collateral for sale, selling and the like, including, without limitation, attorney's fees and expenses incurred by Lender (including fees and expenses of any litigation incident to any of the foregoing), and second, in such order as Lender may elect, in its sole discretion, to the complete satisfaction of all of the Obligations together with all interest thereon. Obligor waives and releases any right to require Lender to collect any of the Obligations to Lender from any other collateral under any theory of marshalling of assets or otherwise, and specifically authorizes Lender to apply any collateral proceeds in which Obligor has any right, title or interest against any of Obligor's Obligations to Lender in any manner that Lender may determine. The Lender's failure to accelerate for any cause shall not prevent the Lender from doing so for a later cause.

Borrower shall promptly upon demand pay the Lender's costs of collection and/or enforcement of the Loan, including any and all attorney's fees and costs.

## POWER TO CONFESS JUDGMENT

The Borrower hereby empowers any attorney of any court of record, after the occurrence and during the continuance of any Event of Default hereunder, to appear for the Borrower and, with or without complaint filed, confess judgment, or a series of judgments, against the Borrower in favor of the Lender or any holder hereof for the entire principal balance of this Note, all accrued interest and all other amounts due hereunder, together with costs of suit and an attorney's fee of the greater of 10% of such principal and interest or $1,000 added as a reasonable attorney's fee, and for doing so, this Note or a copy verified by affidavit shall be a sufficient warrant. The Borrower hereby forever waives and releases all procedural errors in said proceedings and all rights of appeal and all relief from any and all appraisement, stay or exemption laws of any state now in force or hereafter enacted. Interest on any such judgment shall accrue at the Default Rate.

No single exercise of the foregoing power to confess judgment, or a series of judgments, shall be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void, but the power shall continue undiminished and it may be exercised from time to time as often as the Lender shall elect until such time as the Lender shall have received payment in full of the debt, interest and costs. Notwithstanding the attorney's commission provided for in the preceding paragraph (which is included in the warrant for purposes of establishing a sum certain), the amount of attorneys' fees that the Lender may recover from the Borrower shall not exceed the actual attorneys' fees incurred by the Lender.

## MISCELLANEOUS

The Borrower hereby represents and warrants to Lender that the proceeds of the Loan will be used exclusively for business, commercial or agricultural purposes and agrees that any disbursement of the proceeds of the Loan, or any portion thereof, to any one or more Borrowers, shall be conclusively deemed to constitute disbursement of such proceeds to and for the benefit of all Borrowers. Any notice that must be given to the Lender under this Note will be given by mailing it by certified mail to the Lender at 1205 Delsea Drive, Deptford, NJ 08093. A notice will be mailed to the Lender at a different address if Borrower is given a notice of that different address. All representations, warranties and agreements of Borrower made in connection with this Note shall bind Borrower's personal representatives, heirs, successors and assigns. If any provision of this Note shall for any reason be held to be invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision hereof, but this Note shall be construed as if such invalid or unenforceable provision had never been contained herein.

Case ID: 160102716

Borrower hereby waives protest, notice of protest, presentment, dishonor, notice of dishonor, demand, and notice of demand.  **ANY AND ALL DISPUTES ARISING OUT OF OR UNDER THIS NOTE OR THE LOAN DOCUMENTS SHALL BE DECIDED BY A JUDGE, SITTING WITHOUT A JURY, AND THE UNDERSIGNED BORROWER(S) HEREBY WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY ON ANY MATTERS IN DISPUTE AND FURTHER WAIVE ANY AND ALL CLAIMS IN THE FUTURE FOR DAMAGES OTHER THAN DIRECT COMPENSATORY DAMAGES.  THIS NOTE HAS BEEN DELIVERED TO AND ACCEPTED BY LENDER IN, AND SHALL BE GOVERNED BY THE LAWS OF, THE COMMONWEALTH OF PENNSYLVANIA.  THE PARTIES AGREE TO THE JURISDICTION OF THE FEDERAL AND STATE COURTS LOCATED IN PENNSYLVANIA IN CONNECTION WITH ANY MATTER ARISING HEREUNDER.**

**IN WITNESS WHEREOF**, Borrower has duly executed this Note the day and year first written above, and has hereunto set Borrower's hand and seal.

WITNESS:

ISLAND VIEW CROSSING II, LP, a Pennsylvania limited partnership

By: _____

Name: Renato J. Gualtieri
Title: General Partner

Francesco Gualtieri by his attorney in fact
**Francesco Gualtieri, Individually by his
Attorney in fact, Antonio Gualtieri**

Case ID: 160102716

EXHIBIT D

Case ID: 160102716



# Lava
# Funding, LLC

---

**Guaranty Agreement**

---

**THIS GUARANTY AGREEMENT** is executed December 1, 2014 by **RENATO J. GAULTIERI** (the "Guarantor"), with an address at 1628 Carlene Court, Langhorne, Pennsylvania, in consideration of the extension loans and other credit accommodation by **Lava Funding LLC** (the "Lender"), having an address at 1205 Delsea Drive, Deptford, New Jersey 08093, to ISLAND VIEW CROSSING II, LP, a Pennsylvania Limited Partnership and FRANCESCO GAULTIERI (hereinafter jointly referred to as "Borrower"), and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged.

1.     **Guaranty.** The undersigned Guarantor hereby guarantees the prompt payment and performance of all loans, advances, debts, liabilities, obligations, covenants and duties owing by the Borrower to the Lender of any kind or nature, present or future (including any interest accruing thereon after maturity, or after the filing of any petition in Bankruptcy, or the commencement of any insolvency, reorganization or like proceeding relating to the Borrower, whether or not a claim for post-filing or post-petition interest is allowed in such proceeding), whether or not evidenced by any note, guaranty or other instrument, whether arising under any agreement, instrument or document, whether or not for the payment of money, whether arising by reason of an extension of credit, opening of a letter of credit, loan, equipment lease or guarantee, under any interest or currency swap, future, option or other interest rate protection or similar agreement, or in any other manner, whether arising out of overdrafts on deposit or other accounts or electronic funds transfers (whether through automated clearing houses or otherwise) or out of the Lender's non-receipt of or inability to collect funds or otherwise not being made whole in connection with depository transfer check or other similar arrangements, whether direct or indirect (including those acquired by assignment or participation), absolute or contingent, joint or several, due or to become due, now existing or hereafter arising, and any amendments, extensions, renewals or increases and all costs and expenses of the Lender incurred in the documentation, negotiation, modification, enforcement, collection or otherwise in connection with any of the foregoing, including reasonable attorneys' fees and expenses  (hereinafter referred to collectively as the **"Obligations"**).  If the Borrower defaults under any such Obligations, the Guarantor will pay the amount due to the Lender.

2.     **Guaranty Absolute and Unconditional.**  The liability of the Guarantor under this Guaranty is absolute and unconditional irrespective of:

2.1.     any lack of validity or enforceability of any of the Loan Documents;

2.2.     any change in the time, manner, place or amount of payment or in any other term of all or any of the Indebtedness, or any other amendment or waiver of or any consent to departure from any of the terms of the Indebtedness;

Case ID: 160102716

2.3.   any exchange, release or non-perfection of any collateral or lien securing all or any part of the Indebtedness, which exchange, release or non-perfection the Guarantor expressly agrees will not be deemed an unjustifiable impairment of the collateral;

2.4.   any release or amendment or waiver of or consent to departure from any other guaranty, for all or any part of the Indebtedness;

2.5.   any settlement or compromise with any Borrower or any other person relating to the Indebtedness; or

2.6.   any other circumstances which might otherwise constitute a defense available to, or a discharge of, any Borrower, any guarantor or other obligor in respect of the Indebtedness or the Guarantor in respect of this Guaranty.

This Guaranty is a continuing guarantee and shall remain in full force and effect until all of the Indebtedness has been paid in full and will continue to be effective, or be reinstated, as the case may be, if at any time any of the Indebtedness is rescinded, avoided or rendered void or must otherwise be returned by the Lender for any reason, including, without limitation, the insolvency or Bankruptcy of any Borrower, the Guarantor or otherwise, all as though such payment had not been made.

3.   **Waiver.**   This is an absolute, unconditional, irrevocable and continuing guaranty and will remain in full force and effect until all of the Obligations have been indefeasibly paid in full, and the Lender has terminated this Guaranty. This Guaranty will remain in full force and effect even if there is no principal balance outstanding under the Obligations at a particular time or from time to time. This Guaranty will not be affected by any surrender, exchange, acceptance, compromise or release by the Lender of any other party, or any other guaranty or any security held by it for any of the Obligations, by any failure of the Lender to take any steps to perfect or maintain its lien or security interest in or to preserve its rights to any security or other collateral for any of the Obligations or any guaranty, or by any irregularity, unenforceability or invalidity of any of the Obligations or any part thereof or any security or other guaranty thereof. The Guarantor's obligations hereunder shall not be affected, modified or impaired by any counterclaim, set-off, deduction or defense based upon any claim the Guarantor may have against the Borrower or the Lender, except payment or performance of the Obligations. The Guarantor hereby waives (a) promptness and diligence; (b) notice of incurring any Indebtedness by the Borrower; (c) notice of any actions taken by the Lender or the Borrower under any Loan Document; (d) acceptance of this Guaranty and reliance thereon by the Lender; (e) presentment, demand of payment, notice of dishonor or nonpayment, protest and notice of protest with respect to the Indebtedness, and all other formalities of every kind in connection with the enforcement of the Indebtedness or of the obligations of Guarantor hereunder or of any other guarantor, the omission of or delay in which, but for the provisions hereof, might constitute grounds for relieving Guarantor of the obligations hereunder; (f) any requirement that the Lender protect, secure, perfect or insure any security interest or lien or any property subject thereto or exhaust any right or take any action against the Borrower, the Guarantor, any other person or any collateral; and (g) notice of any election by the Lender to sell any of the property mortgaged, assigned or pledged as security for any of the Indebtedness at a public or private sale.

4.   **Voided Repayments.**   If any demand is made at any time upon the Lender for the repayment or recovery of any amount received by it in payment or on account of any of the Obligations and if the Lender repays all or any part of such amount by reason of any judgment, decree or order of any court or administrative body or by reason of any settlement or compromise of any such demand, the Guarantor will be and remain liable hereunder for the amount so repaid or recovered to the same extent as if such amount had never been received originally by the Lender. The

Case ID: 160102716

provisions of this section will be and remain effective notwithstanding any contrary action which may have been taken by the Guarantor in reliance upon such payment, and any such contrary action so taken will be without prejudice to the Lender's rights hereunder and will be deemed to have been conditioned upon such payment having become final and irrevocable.

5. **Subrogation, Reimbursement and Indemnity.** The Guarantor waives (a) all right to seek reimbursement, indemnity or contribution from the Borrower, and (b) any right to subrogation it may have or acquire as result of performance under this Guaranty. If, notwithstanding such waiver, any amount shall be paid to the Guarantor on account of such subrogation, indemnification or contribution at any time when the Indebtedness has not been paid in full, such amount shall be held in trust for the benefit of the Lender, shall be segregated from the other funds of Guarantor and shall forthwith be paid over to the Lender to be applied in whole or in part by the Lender against the Indebtedness, whether matured or unmatured, in accordance with the Loan Documents.

6. **Financial Statements.** Unless compliance is waived in writing by the Lender or until all of the Obligations have been paid in full, the Guarantor will promptly submit to the Lender such information relating to the Guarantor's affairs (including but not limited to annual financial statements and tax returns for the Guarantor) or any security for the Guaranty as the Lender may reasonably request.

In the event that any such information submitted to the Lender has been prepared by an outside accountant, the same shall be accompanied by a statement in writing signed by the accountant disclosing that the accountant is aware that the information prepared by the accountant would be submitted to and relied upon by the Lender in connection with the Lender's determination to grant or continue credit.

7. **Costs.** To the extent that the Lender incurs any costs or expenses in protecting or enforcing its rights under the Obligations or this Guaranty, including reasonable attorneys' fees and the costs and expenses of litigation, such costs and expenses will be due on demand, will be included in the Obligations and will bear interest from the incurring or payment thereof at the Default Rate (as defined in any of the Obligations).

8. **Notices.** All notices, demands, requests, consents, approvals and other communications required or permitted hereunder must be in writing and will be effective upon receipt. Such notices and other communications may be hand-delivered, sent by facsimile transmission with confirmation of delivery and a copy sent by first-class mail, or sent by nationally recognized overnight courier service, to the addresses for the Lender and the Guarantor set forth above or to such other address as one may give to the other in writing for such purpose.

9. **Preservation of Rights.** No delay or omission on the Lender's part to exercise any right or power arising hereunder will impair any such right or power or be considered a waiver of any such right or power, nor will the Lender's action or inaction impair any such right or power. The Lender's rights and remedies hereunder are cumulative and not exclusive of any other rights or remedies which the Lender may have under other agreements, at law or in equity. The Lender may proceed in any order against the Borrower, the Guarantor or any other obligor of, or collateral securing, the Obligations.

10. **Illegality.** In case any one or more of the provisions contained in this Guaranty should be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected or impaired thereby.

11. **Right of Set-off; Security Interest.** Upon the occurrence of an Event of Default, the Lender is authorized at any time, without notice to the Guarantor, to set off and apply to any unpaid

Case ID: 160102716

Indebtedness: (a) any amounts which the Lender from time to time may owe the Guarantor, including any balance or share of any general or special deposit, certificate of deposit, savings certificate or other account (regardless of the source or intended use of any funds in such account); and (b) any other property, tangible or intangible, owned by or in which the Guarantor has an interest which may be in the possession or control of the Lender, in which accounts and other property Guarantor grants the Lender a security interest. This right is in addition to and not in limitation of any other rights, including of set-off, which the Lender may have by law.

12. **Power to Confess Judgment. The Guarantor hereby empowers any attorney of any court of record, after the occurrence and during continuance of an Event of Default hereunder, to appear for the Guarantor and, with or without complaint filed, confess judgment, or a series of judgments, against the Guarantor in favor of the Lender for the amount of the Obligations and an attorney's commission of the greater of 10% of such principal and interest or $1,000 added as a reasonable attorney's fee, and for doing so, this Guaranty or a copy verified by affidavit shall be a sufficient warrant. The Guarantor hereby forever waives and releases any procedural errors in said confession of judgment proceedings and all rights of appeal and all relief from any and all appraisement, stay or exemption laws of any state now in force or hereafter enacted.**

**No single exercise of the foregoing power to confess judgment, or a series of judgments, shall be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void, but the power shall continue undiminished and it may be exercised from time to time as often as the Lender shall elect until such time as the Lender shall have received payment in full of the Obligations and costs. Notwithstanding the attorney's commission provided for in the preceding paragraph (which is included in the warrant for purposes of establishing a sum certain), the amount of attorneys' fees that the Lender may recover from the Guarantor shall not exceed the actual attorneys' fees incurred by the Lender.**

13. **Continuing Guaranty; Assignment.** This Guaranty is a continuing guaranty and will: (a) be binding upon the Guarantor, its successors and assigns; and (b) inure to the benefit of and be enforceable by the Lender and its successors, transferees and assigns; provided, however, that the Guarantor can not assign this Guaranty without the prior written consent of the Lender.

14. **Guaranty Not Modified by Bankruptcy.** Neither the Guarantor's obligation in accordance with the terms of this Guaranty, nor any remedy for the enforcement, nor the amount of the Indebtedness of the Borrower will be impaired, modified, or limited in any manner whatsoever by any impairment, modification, discharge or limitation of the Indebtedness of the Borrower or its estate in Bankruptcy or any remedy for the enforcement, resulting from the operation of any present or future provision of the Bankruptcy Code of the United States or other statute, or from the decision of any court interpreting any of the same. The amount of the Indebtedness will, for the purposes of this Guaranty, be determined as if no such impairment, stay, modification, discharge or limitation had occurred.

15. **Consent To Jurisdiction; Service of Process** In the event the Lender brings any action hereunder in any court of record of the state governing this Guaranty, the Guarantor consents to and confers personal jurisdiction over the Guarantor by such court or courts and agrees that service of process may be made upon the Guarantor by mailing a copy of such process to Guarantor.

16. **Waiver of Jury Trial.** GUARANTOR WAIVES TRIAL BY JURY IN ANY ACTION UNDER OR RELATING TO THIS GUARANTY AND TO THE INDEBTEDNESS OF THE BORROWER TO THE LENDER.

Case ID: 160102716

17.    **Governing Law.** This Guaranty will be governed by, and construed in accordance with, the laws of the Commonwealth of Pennsylvania.

18.    **Indemnity.**  The Guarantor agrees to indemnify each of the Lender, its directors, officers and employees and each legal entity, if any, who controls the Lender (the **"Indemnified Parties"**) and to hold each Indemnified Party harmless from and against any and all claims, damages, losses, liabilities and expenses (including all fees and charges of internal or external counsel with whom any Indemnified Party may consult and all expenses of litigation or preparation therefore) which any Indemnified Party may incur or which may be asserted against any Indemnified Party as a result of the execution of or performance under this Guaranty; provided, however, that the foregoing indemnity agreement shall not apply to claims, damages, losses, liabilities and expenses solely attributable to an Indemnified Party's gross negligence or willful misconduct. The indemnity agreement contained in this Section shall survive the termination of this Guaranty. The Guarantor may participate at its expense in the defense of any such claim.

This Agreement of Guaranty shall be construed in accordance with the laws of the State of Pennsylvania.

**WITNESS:**

_____       _____
                                        RENATO J. GAULTIERI

Case ID: 160102716