**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>ISLAND VIEW CROSSING II, LP.,<br><br>　　　　Debtor. | CHAPTER 11<br><br>Case No. 17-14454(ELF) |
| ISLAND VIEW CROSSING II, L P ., et al.<br>　　　　Plaintiffs,<br>　　　　v.<br>PRUDENTIAL SAVINGS BANK,<br>　　　　Defendant. | Adv. No. 17-00202 (ELF) |

**STATEMENT OF PLAINTIFFS PURSUANT TO FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 9027(e)(3)**

Plaintiffs, Island View Properties, Inc., trading as Island View Crossing II, LP and Renato J. Gualtieri (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit this statement, pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3), in response to the jurisdictional allegations made by Prudential Savings Bank ("Prudential") with regard to its notice of removal of the civil action styled *Island View Properties, Inc., trading as Island View Crossing II, LP and Renato J. Gualtieri v. Prudential Savings Bank,* Civil Action No. 16-0303161 pending in the Court of Common Pleas of Philadelphia County. (the "Lender Liability Case"). In support of this statement, Plaintiffs state the following:

**JURISDICTIONAL STATEMENT**

　　1.　　Federal Rule of Bankruptcy Procedure 9027(e)(3) provides as follows:

　　　　Any party who has filed a pleading in connection with the removed claim or cause of action, other than the party filing the notice of removal, shall file a statement that the party does or does not consent to entry of final orders or

judgment by the bankruptcy court.  A statement required by this paragraph shall be signed pursuant to Rule 9011 ad shall be filed not later than 14 days after the filing of the notice of removal.  Any party files a statement pursuant to this paragraph shall mail a copy to every other party to the removed claim or cause of action.

2. The Notice of Removal filed by Prudential contends that this Court has "related to" jurisdiction over the Lender Liability Case and that it is a core proceeding because it relates "directly to the liquidation of contingent, disputed and unliquidated claims, and is a matter which relates to property of the Debtors' estates under Section 541 of the Bankruptcy Code, and effects [sic] the administration of the estate."

3. Plaintiffs consent to the entry of final orders or judgment by this Court.

4. The Notice of Removal filed by Prudential contains additional commentary and allegations to which Federal Rule of Bankruptcy Procedure 9027(e)(3) does not require Plaintiffs to respond.  Accordingly, Plaintiffs will not respond to such commentary and allegations at this time but reserve the right to do so if and when necessary or appropriate.

5. Plaintiffs reserve all of their claims, rights and defenses against Prudential.

STRADLEY, RONON, STEVENS & YOUNG, LLP

Dated: August 1, 2017      By:   */s/  Michael J. Cordone*
Michael J. Cordone, Esquire
2600 One Commerce Square
Philadelphia, PA  19103
Tel.: 215-564-800
Email: mcordone@stradley.com

*Attorneys for Island View Properties, Inc., Island View Crossing II, LP and Renato J. Gualtieri*

## CERTIFICATE OF SERVICE

I, Michael J. Cordone, certify that on August 1, 2017, I caused a true and correct copy of the foregoing Statement of Plaintiffs Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3) to be served by filing it on the Court's electronic filing system, which sends a notification and link to the document to all counsel of record, including Edmond M. George, Esquire and Michael D. Vagnoni, Esquire at Obermayer, Rebmann, Maxwell & Hippel LLP.

Dated: August 1, 2017                                  */s/ Michael J. Cordone*
                                                                      Michael J. Cordone