# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re ISLAND VIEW CROSSING II, L.P., | : | Chapter 11 |
| Debtor | : | Bky. No. 17-14454 |
| | : | |
| KEVIN O'HALLORAN, in his capacity as Chapter 11 Trustee for ISLAND VIEW CROSSING II, L.P., | : | |
| Plaintiff | : | |
| v. | : | |
| PRUDENTIAL SAVINGS BANK, | : | |
| Defendant | : | Adv. No. 17-202 |

# O R D E R

**AND NOW**, for the reasons stated in the accompanying Memorandum, it is hereby

**ORDERED** that:

1. The claims of Renato J. Gualtieri, originally filed in No. 3161, March Term 2016 (C.P. Phila.), and subsequently removed to this court ("the Lender Liability Lawsuit"), are **REMANDED** to the Court of Common Pleas, Philadelphia County ("the C.P. Court").

2. The counterclaims against Renato J. Gualtieri, filed by Prudential Savings Bank ("Prudential") in the Lender Liability Lawsuit, are **REMANDED** to the C.P. Court.

3. Prudential's Cross-Claim against Renato J. Gualtieri and Francesco Gualtieri, filed in No. 2716, January Term 2016 ("the Lava Lawsuit"), later consolidated with the Lender Liability Lawsuit prior to the removal to this court, is **REMANDED** to the C.P. Court.

4. Prudential's Cross-Claim against the Debtor, filed in the Lava Lawsuit is **DISMISSED WITHOUT PREJUDICE** to Prudential's right to file a proof of claim in this bankruptcy case, but subject to 11 U.S.C. §502(b).

5. To the extent that the Debtor's Cross-Claim against Prudential, asserted in the Lava Lawsuit, is before this court as result of the removal of the Lender Liability Lawsuit, it is **DISMISSED WITHOUT PREJUDICE** as duplicative of the claims asserted in the Lender Liability Lawsuit.

6. To the extent that Renato J. Gualtieri's and Francesco Gualtieri's Cross-Claim against Prudential, asserted in the Lava Lawsuit is before this court as result of the removal of the Lender Liability Lawsuit, it is **REMANDED** to the C.P. Court.

7. The Trustee's request for a stay of this order insofar it remands matters to the C.P. Court is **DENIED**.

8. The Trustee's request for a determination of the potential collateral estoppel effect on this adversary proceeding of determinations made in the C.P. Court following the remand of the various matters as set forth in this Order is **DENIED**.

9. The requests of the Trustee, Renato J. Gualtieri, and the Estate of Francesco Gaultieri for the entry of an order enjoining litigation of the various matters being remanded or otherwise pending in the C.P. Court until the conclusion of this adversary proceeding is **DENIED WITHOUT PREJUDICE**.

Date:  March 7, 2019

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**