# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re:** | : |
| | : Chapter 11 |
| **ISLAND VIEW CROSSING II, L.P.,** | : |
| | : Bankruptcy No. 17-14454 (ELF) |
| Debtor. | : |
| | : |
| **KEVIN O'HALLORAN, in his capacity as Chapter 11 Trustee for ISLAND VIEW CROSSING II, L.P., et al.,** | : |
| | : Adversary No. 17-00202 (ELF) |
| Plaintiffs, | : Adversary No. 18-00280 (ELF) |
| | : |
| v. | : |
| | : Hearing Date: April 24, 2019 |
| **PRUDENTIAL SAVINGS BANK,** | : Hearing Time: 11:00 a.m. |
| | : Hearing Place: Courtroom 1 |
| Defendant. | : |

## MOTION OF PRUDENTIAL SAVINGS BANK TO CLARIFY
## MARCH 7, 2019 MEMORANDUM [DOCKET NO. 34] AND ORDER [DOCKET NO. 35]

Prudential Savings Bank ("Prudential") by and through its counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby moves this Court for the entry of an Order clarifying the Bankruptcy Court's Memorandum and Order dated March 7, 2019 [Docket Nos. 34 and 35 respectively] as it relates to the remand of certain counterclaims in the Lender Liability Lawsuit to the C.P. Court (the "Motion")[1] and in support thereof, avers as follows:

### I.   JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of the Debtor's Chapter 11 case and this Motion is proper in this District

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Memorandum and

1

pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Motion are Rule 60 of the Federal Rules of Civil Procedure and Rules 8002, 9006, 9023 and 9024 of the Federal Rules of Bankruptcy Procedure.

## II.    BACKGROUND

4. On June 30, 2017 (the "Petition Date"), Island View Crossing II, L.P. (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code").

5. On or about July 18, 2017, Prudential filed a Notice of Removal thereby removing the above captioned action, consisting primarily of "lender liability" claims then pending in the C.P. Court, to the Bankruptcy Court.

6. The AP was held in abeyance for several months while the Debtor and Prudential litigated Prudential's Motion to Appoint a Chapter 11 Trustee or for Conversion to Chapter 7 and the Debtor's Motion to approve post petition financing (the "Financing Motion").

7. On December 18, 2017, the Bankruptcy Court entered an Order appointing a Chapter 11 Trustee in the Debtor's bankruptcy and denying the Financing Motion .

8. After a contested election, on or about January 30, 2019, Kevin O'Halloran (the "Trustee") was elected Chapter 11 Trustee of the Debtor.

9. On November 13, 2018, the Bankruptcy Court entered an Order scheduling a pretrial conference on December 5, 2018 and requiring memoranda addressing whether the Bankruptcy Court had subject matter jurisdiction to consider claims of non-debtor plaintiffs in the AP and suggesting a pretrial management order to govern deadlines in the AP.

10. After memoranda and supplemental memoranda were submitted by Prudential

Order.

and non Debtor plaintiff, Renato Gualtieri ("Gualtieri"), the Bankruptcy Court entered a Memorandum [Docket No. 34] and Order [Docket No. 35] on the issue of subject matter jurisdiction over the non Debtor plaintiffs, which, *inter alia*:

a. Remanded the claims of Gualtieri, originally filed in the Lender Liability Lawsuit and subsequently removed to the AP, to the C.P. Court;

b. Remanded Prudential's counterclaims against Gualtieri, in the Lender Liability Lawsuit to the C.P. Court; and

c. Remanded Prudential's Cross-Claim against Gualtieri and his father, Francesco Gualtieri, filed in the Lava Lawsuit and later consolidated with the Lender Liability Lawsuit.

Copies of the Memorandum and Order are attached hereto as Exhibits "A" and "B" respectively.

11. While the Order is clear that only Prudential's counterclaims and cross-claims against non Debtor parties were remanded, the last sentence on page 18 of the Memorandum says "[c]onsequently, **all** of the Prudential counterclaims in the Lender Liability Lawsuit will be remanded to the C.P. Court." See Memorandum, Exhibit "B" at p. 18 (emphasis added).

12. Specifically, Counts 2, 3, and 8 of Prudential's Counterclaims in the Lender Liability Lawsuit which were removed to the Bankruptcy Court, allege claims against the Debtor, Island View Properties, Inc., and Gualtieri.

13. It is believed that the intention was to remand only claims by and against non-Debtor parties (i.e. Gualtieri and his father) as clearly set forth in the Order; however, the last line of page 18 in the Memorandum could be construed as a remand of all Prudential counterclaims, including those against the Debtor.

14. For the reasons set forth below, Prudential respectfully requests that this Court

3

clarify in the Order that only Prudential's Counterclaims against non-Debtor parties were remanded to the C.P. Court, while the Counterclaims against the Debtor properly remain before the Bankruptcy Court in the AP.

### III.   RELIEF REQUESTED AND BASIS THEREFOR

15.   Federal Rule of Civil Procedure 60, made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9024, states, in pertinent part; "[t]he court may correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).  The Rule goes on to state that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for, the following reasons: (1) mistake, inadvertence, surprise or excusable neglect… or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)(6).

16.   Bankruptcy Rule 9024 gives a bankruptcy court "the power to vacate or modify its orders, as long as it is equitable to do so." *In re Marcus Hook Dev. Park, Inc*., 943 F.2d 261, 265, fn. 5 (3d Cir. 1991) (quotations omitted); *see also In re Lenox*, 902 F. 2d 737,739-740 (9th Cir. 1990) (As courts of equity, bankruptcy courts "have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders").

17.   Here, while it is clear from both from the Court's analysis in the Memorandum and the wording of the Order that the Court's intent was to not remand Prudential's Counterclaims against the Debtor, the wording on page 18 unnecessarily leaves the Order open to a different interpretation.

18.   While it is not believed that any party is taking the position that Prudential's

4

4810-3717-0316

counterclaims against the Debtor were remanded to the C.P. Court by the Memorandum, out of an abundance of caution, Prudential is requesting that the Memorandum and Order be clarified.

19. It is also respectfully submitted that no party will be prejudiced by the Order being reconsidered and the case being reopened.

20. For all the foregoing reasons and authorities, Prudential believes that the Memorandum and Order should be modified slightly to make clear that Prudential's Counterclaims against the Debtor remain with the Bankruptcy Court in the AP and were not remanded to the C.P.

WHEREFORE, Prudential respectfully requests the entry of an Order clarifying the Memorandum and Order and granting such other and further relief as this Court deems just.

Respectfully submitted,

Dated: March 20, 2019         By: /s/ Edmond M. George
                                  Edmond M. George, Esquire
                                  Michael D. Vagnoni, Esquire
                                  OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                                  Centre Square West
                                  1500 Market Street, Suite 3400
                                  Philadelphia, PA 19102
                                  *Counsel to Prudential Savings Bank*

5

4810-3717-0316