# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re   ISLAND VIEW CROSSING II, L.P., | : | Chapter 11 |
| | : | |
| Debtor | : | Bky. No. 17-14454 |
| | : | |
| | : | |
| KEVIN O'HALLORAN, in his capacity as Chapter 11 | : | |
| Trustee for ISLAND VIEW CROSSING II, L.P., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | Adv. No. 17-0202 |
| PRUDENTIAL SAVINGS BANK, et al. | : | |
| | : | |
| Defendant | : | Adv. No. 18-0280 |

# O R D E R

**AND NOW**, upon consideration of the Plaintiff's Motion to Dismiss the Defendant's Counterclaims ("the Motion") (Doc. # 63), filed by the Defendant in Adv. No. 2018-280 (see Doc. # 59), and the Defendant's response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and the Counterclaims are **DISMISSED WITHOUT PREJUDICE**.\*

Date:  June 17, 2021

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

\*  E N D   N O T E

I write to explain briefly the basis of this Order and clarify its limited scope.

The procedural history here is complicated. The caption includes two (2) adversary proceedings because the two (2) proceedings have been consolidated for docketing purposes (and presumably, for trial). Adv. No. 17-202 is a removed proceeding removed from state court; I have previously referred to it as "the Lender Liability Action." See In re Island View Crossing II, L.P., 604 B.R. 181, 188 (Bankr. E.D. Pa. 2019). Adv. No. 18-280 was initiated in this court; I have referred to it as "the Avoidance and Subordination Action." Id.

To be clear, the counterclaims dismissed in this Order are those stated in to the Avoidance and Subordination Action. In that proceeding, the Plaintiff-Trustee ("the Trustee") asserts:

- avoidance claims under 11 U.S.C. §§544, 550 (and through §544, 12 Pa. C.S. §§5104(a)(2) and 5105); and

- a claim for equitable subordination under 11 U.S.C. §510.

On July 31, 2019, Defendant Prudential Savings Bank ("Prudential") filed an Answer, Affirmative Defenses and Counterclaims to the Trustee-Plaintiff's ("the Trustee") Complaint in Adv. No. 18-280. The counterclaims are for: (1) fraudulent inducement; (2) fraud; (3) breach of contract (two (2) separate counts); (4) setoff/recoupment; and (5) quantum meruit. In its requests for relief, Prudential requested, inter alia, entry of a judgment in its favor for compensatory damages, punitive damages and reasonable attorney's fees.

On August 21, 2019, the Trustee moved to dismiss the counterclaim ("the Motion"). The Motion was based on what I might term traditional Rule 12(b)(6) grounds; i.e., that for a variety

of reasons the various claims failed to state a plausible claim for relief as a matter of substantive law. (The Trustee also argued that the fraud claims were not pled with the requisite specificity).

Prudential filed a response to the Motion and, following a hearing on the Motion, a supplemental memorandum in support of its position.

\*   \*   \*   \*   \*   \*

As discussed previously in colloquies with counsel, regardless whether the counterclaims are pled adequately, I have doubts as to the propriety of Prudential's counterclaima *per sese*; i.e., I question the propriety of a creditor's request for the entry of a money judgment against the debtor (or the bankruptcy estate) in an adversary proceeding.

As one court explained succinctly (albeit in a different context):

> The action to determine the debt for bankruptcy administration purposes is pursued in the claim allowance process (§ 502 and Fed.R.Bankr.P. 3001–3008). As to claim allowance, Congress included a requirement that a claim be enforceable in § 502(b)(1), but did not expressly authorize entry of a money judgment on the claim.

In re Thrall, 196 B.R. 959, 966 (Bankr. D. Colo. 1996).

In my view this principle is fundamental to bankruptcy case administration. The bankruptcy court is not a court of general jurisdiction in which creditors can reduce their claims to judgment simply because the debtor has commenced a bankruptcy case. The bankruptcy court's sole reason for being is to oversee the administration of the bankruptcy estate (including the distribution to creditors based on the claims that are allowed) and, when appropriate, to grant the debtor a discharge.

Consistent with this view, a number of courts have dismissed creditor counterclaims to

actions initiated by a debtor or trustee.

In <u>Brady v. Otton</u>, 2015 WL 1906204 (N.D. Cal. Apr. 27, 2015), the district court reviewed the bankruptcy court's dismissal of a creditor's counterclaim.  In so doing, the district court quoted the bankruptcy court's unpublished decision:

> The court cannot grant relief to the Ottons on their counterclaim because to do so would violate [11 U.S.C. §§ 502 and 726] as well as [Federal Rule of Bankruptcy Procedure 3002(a) ]. There is no conceivable scenario whereby an unsecured creditor can obtain an enforceable money judgment against a Chapter 7 bankruptcy estate on account of a prepetition debt.
>
> . . .
>
> [The] motion to dismiss the counterclaim is granted, without leave to amend, but also without prejudice to the filing of a proof of claim and without prejudice to raising any of the matters asserted in the counterclaim as a defense or setoff, to the extent permitted by applicable law.

<u>Id.</u> at *1-2.

Other decisions reaching the same result include: <u>In re Westchester Tank Fabricators, Ltd.</u>, 207 B.R. 391, 403 (Bankr. E.D.N.Y. 1997); <u>In re Turley</u>, 17 B.R. 99, 104 (Bankr. D.S.D. 1981), <u>aff'd sub nom.</u> <u>First Nat. Bank of Denver v. Turley</u>, 705 F.2d 1024 (8th Cir. 1983); <u>In re Arctic Enterprises, Inc.</u>, 15 B.R. 512, 513 (Bankr. D. Minn. 1981).

I acknowledge that Fed. R. Bankr. P. 7013 and Fed. R. Bankr. P. 13 and some reported decisions provide support for Prudential's position that it may assert a counterclaim.  See  <u>In re Canopy Fin., Inc.</u>, 2015 WL 110595, at *3 (N.D. Ill. Jan. 7, 2015); <u>In re Am. Fabricators, Inc.</u>, 186 B.R. 526, 529 (Bankr. M.D. Fla. 1995).  In my view, however,  the correct view is that claims against the bankruptcy estate are relegated exclusively to the claims allowance process.[1]

---

[1] I acknowledge that there is at least one situation where a creditor counterclaim seeking a
(continued...)

In any event, in this proceeding, there is an independent basis to dismiss Prudential's counterclaim in the Trustee's Avoidance and Subordination Action: Rule 13 is inapplicable.

In Adv. No. 18-280, the Trustee asserts claims under 11 U.S.C. §§510 and 544 that are grounded in his status as trustee of the bankruptcy estate. These claims are not pre-petition claims of the Debtor that became part of the bankruptcy estate and that were "inherited" by the Trustee by operation of 11 U.S.C. §541. This point is well explained in the leading treatise on bankruptcy law:

> Another instance when the issue may arise with respect to compulsory counterclaims is when the trustee commences an adversary proceeding based on an action belonging to the trustee in the trustee's own capacity and not based on a right of action which the debtor had and which passed to the trustee. In such an instance, if the defendant has a claim against the debtor, the compulsory counterclaim rules, 7013 and 13, should have no applicability. In effect, the two are not claims existing between the same parties and certainly would not be arising out of the same transaction or occurrence. The claim of the defendant is one against the debtor, while the claim of the trustee did not belong to the debtor but belonged exclusively to the trustee. The very parties to the action are different. Even if the claim and asserted counterclaim arose out of the same transaction or occurrence, which is possible, the parties would be different, and the defendant's claim should not be considered a counterclaim.

10 Collier on Bankruptcy ¶ 7013.04 (Richard Levin and Henry J. Sommer eds., 16th ed. 2021).

Finally, I observe that dismissal of counterclaims will cause no prejudice to Prudential.

In connection with the judgment the Trustee seeks, Prudential has asserted the affirmative defenses of fraud, recoupment and setoff to the Trustee's claims. Thus, the issues Prudential

---

[1](...continued)
money judgment in an adversary proceeding has been countenanced.. A number of circuit courts have held that a bankruptcy court has the authority to enter a money judgment in favor of a creditor in connection with a proceeding to determine the dischargeability of the debt under 11 U.S.C. §523(a). See, e.g., In re Morrison, 555 F.3d 473, 478 (5th Cir.2009) (citing courts of appeal decisions from the 2nd, 6th, 7th, 8th and 9th Circuits). But note a key distinction – the permitted judgment is being entered against the debtor. Here, Prudential seeks a judgment against the Trustee, i.e., the bankruptcy estate.

seeks to raise by way of counterclaim potentially may be heard in this proceeding. The only difference is that, if these defenses are meritorious, Prudential will not emerge with an affirmative money judgment. It also may be possible (although I do not decide the merits at this time), that Prudential can amend its proofs of claim to make an increased demand for payment from the bankruptcy estate based on the grounds asserted in the dismissed counterclaims.